SAMUEL I. FREEDMAN, Respondent, *v.* NORTHWESTERN CASUALTY AND SURETY COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, March 13, 1929.

*Bernard J. Vincent*, for the appellant.

*Henry S. Drezner*, for the respondent.

PER CURIAM. Plaintiff, respondent (the employer), contends that the decision of the State Industrial Board exonerating the insurance carrier from liability to the employee is not binding upon the employer. He, therefore, urges that he properly recovered from the insurer in the court below the amount he paid to the employee in accordance with the award, together with the attorney's fees

incurred before the Board and in this action. Even if it be assumed that respondent's position in this respect is tenable, the complaint should nevertheless have been dismissed since the evidence indicates that defendant's policy did not cover the compensation awarded for the payment of which plaintiff, respondent, seeks reimbursement. (*Matter of Pettit* v. *Reges*, 242 N. Y. 272; *Astrin* v. *East N. Y. Woodwork Mfg. Co.*, 210 App. Div. 720.) In view of the fact that the referee held that the Board could not make an award against the defendant, his statement that the defendant's policy did cover the compensation awarded is not an " award or decision " within the meaning of section 23 of the Workmen's Compensation Law. It, therefore, does not constitute an adjudication in plaintiff's favor on that point and does not preclude defendant from establishing the contrary.

Judgment reversed, with thirty dollars costs to appellant, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, PETERS and FRANKENTHALER, JJ.