Royal Indemnity Company, Appellant, *v.* Abraham Heller et al., Respondents.

(Argued April 6, 1931; decided May 12, 1931.)

*William E. Lyons* and *Barnett Cohen* for appellant. The Supreme Court in equity possessed exclusive jurisdiction to reform the policy. (*McMahon* v. *Gretzula*, 227 App. Div. 256; *Allied Mut. Liability Ins. Co.* v. *Interstate Cork Co.*, 136 Misc. Rep. 504; *Svolos* v. *Marsh & Co.*, 195 App. Div. 674; *Hamburgh* v. *Wolf-Smith Co.*, 205 App. Div. 739; *Royal Indemnity Co.* v. *Heller*, 230 App. Div. 496.) The issues raised by the pleadings were not *res adjudicata* in the proceedings before the Industrial Board. (*Patrone* v. *Howlett, Inc.*, 237 N. Y. 394; *Newham* v. *Chile*, 232 N. Y. 37; *Skoczlois* v. *Vinocour*, 221 N. Y. 276; *Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Matter of Phillips* v. *Holmes Express Co.*, 229 N. Y. 527; *Matter of Cheesman* v. *Cheesman*, 236 N. Y. 47; *Allied Mut. Liability Ins. Co.* v. *Interstate Cork Co.*, 134 Misc. Rep. 504; *Aioss* v. *Sardo*, 223 App. Div. 201; *Whalen* v. *Stuart*, 194 N. Y. 465; *Schenck* v. *State Line Telephone Co.*, 273 N. Y. 308; *Clark* v. *Kirby*, 243 N. Y. 295; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.)

*Benjamin Davidson*, *David Stern* and *Nathan S. Zucker* for Abraham Heller et al., respondents. The issues raised by the pleadings were *res adjudicata* in the proceedings before the Industrial Board. (*Hollenbeck* v. *Ætna Casualty Surety Co.*, 215 App. Div. 609; *Luce* v. *New York, Chicago & St. Louis R. R. Co.*, 213 App. Div. 374; *Parkhurst* v. *Berdell*, 110 N. Y. 386; *McMahon* v. *Gretzula*, 227 App. Div. 257.) There can be no reformation of a policy of insurance in the absence of mutual mistake. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Curtis* v. *Albee*, 167 N. Y. 360; 5 Pomeroy Eq.

Juris. [2d ed.] 4728; *Diman* v. *Providence, W. & B. R. Co.*, 5 R. I. 130.)

*John J. Bennett, Jr.*, Attorney-General (*Joseph A. McLaughlin* and *Myles A. Paige* of counsel), for Frances Perkins et al., respondents. The issue of coverage having been submitted by the parties to the Industrial Board, its jurisdiction was exclusive and its decision binding. (*Skoczlois* v. *Vinocour*, 221 N. Y. 276; *Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314.) The plaintiff is estopped from obtaining reformation. (*Williams* v. *Eldridge Refining Co.*, 130 App. Div. 721; *Hunter* v. *Van Keuren*, 130 App. Div. 599; *People ex rel. Merchants Nat. Bank* v. *Purdy*, 209 N. Y. 599; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Lewitt & Co., Inc.*, v. *Jewelers Safety Fund Society*, 221 App. Div. 727; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 417; *Geiger Watch Case Corp.* v. *Fidelity & Deposit Co.*, 120 Misc. Rep. 441; *New York* v. *Matthews*, 156 App. Div. 490; 213 N. Y. 563; *Aioss* v. *Sardo*, 223 App. Div. 201; 249 N. Y. 270.)

POUND, J. The plaintiff, the Royal Indemnity Company, issued to Abraham Heller, an employer, a policy of insurance under the Workmen's Compensation Law (Cons. Laws, ch. 67). The policy bore the date March 9, 1928, but on its face it purports to be in force from February 9, 1928, to February 9, 1929. Henry Schubert, an employee of Heller, was injured on March 7, 1928. He filed a claim for compensation with the State Industrial Board. The plaintiff insurer took the ground that the reference to February 9 in the body of the policy was due to a mistake of the typist in preparing the policy and that no policy was in force at the date of the accident nor prior to March 9, 1928. It fully presented evidence thereof as a defense before the Board which heard the proof on the question but finally held that " the policy itself is the only evidence the Board can consider in determining the obliga-

tions of the parties thereto " and made an award accordingly in favor of the claimant. From such award an appeal was taken to the Appellate Division which is now pending.

Promptly after the award, on August 23, 1929, plaintiff brought this action in the Supreme Court for the reformation of the policy " to cover said scrivener's mistake." The defendants, employer, employee and State Industrial Board, set up the adjudication of the Industrial Board as a defense and denied that the Supreme Court had jurisdiction to grant the relief prayed for. When the case came on for trial no evidence was presented to the court. The trial justice refused to hear the evidence of mistake, holding " that the Supreme Court has no jurisdiction to determine the question as to the validity of the policy sought to be reformed herein " and " that the issues raised by the pleadings are *res adjudicata.*" The Appellate Division affirmed the judgment dismissing the complaint " on the ground that the uncontroverted facts show the plaintiff guilty of laches." (231 App. Div. 812.)

The objection of laches will not avail the defendants in a case when the trial judge refuses to hear the testimony and thus takes from the plaintiff the opportunity of explaining its delay and showing that no one has been prejudiced thereby. A full examination of the facts is necessary (*Zebley* v. *Farmers Loan & Trust Co.,* 139 N. Y. 461), and none was had.

As to the other defense, a novel question is presented. May the Industrial Board, having before it a policy upon its face covering the date of an accident, consider the defense of mistake and enforce the true agreement of the parties, when the issue is tendered by the insurer, or is it bound by the terms of the policy as written? The Industrial Board exists by virtue of article I, section 19, of the New York State Constitution, which gives the Legislature power, unlimited by other constitutional

provisions, to enact laws for the payment of compensation for injuries to employees. The power thus conferred has been exercised by the adoption of the Workmen's Compensation Law (L. 1922, ch. 615, as amended). This court has held, in considering the provisions of section 54, subdivisions 1, 2, of the law, that as the insurance company may be made a party to the original application to the Commission for compensation, " all its rights may be there litigated and determined " including the question " whether there was then [at the time of the accident] a valid, outstanding policy issued by it." (*Matter of Skoczlois* v. *Vinocour*, 221 N. Y. 276.) In the case cited, the policy of insurance had once covered the liability of the employer and the only question was whether it had been canceled before the accident, as provided in section 54 of the law. This was a legal defense, and while the court said: " Unless this be the correct view of the statute [that the Industrial Board has jurisdiction to hear and determine the question] the scheme contemplated by it [the compensation law] fails, to a large extent at least, of its purpose," the decision did not in terms apply to equitable defenses such as mutual mistake.

Where and how has the jurisdiction to consider equitable defenses been withheld from the Board? It is difficult to put one's finger on any constitutional or statutory provision or judicial decision which thus limits its jurisdiction. The difference, once regarded as basic, between the method of trying legal defenses and equitable defenses, no longer exists. Independent suits are no longer necessary to establish equitable rights. The question was elaborately discussed by CARDOZO, J., in *Susquehanna S. S. Co.* v. *Andersen & Co.* (239 N. Y. 285), and the conclusion was reached that equitable defenses are triable in the same way as defenses that are legal. The jurisdiction to hear and determine equitable defenses is incidental to the general jurisdiction of the Board to enforce policies under the Workmen's Compensation

Law. Without such jurisdiction the old rule is revived without reason.

The defense was tendered by the insurance carrier and the evidence was heard. As a practical proposition, the carrier should be bound by the determination of the Industrial Board, subject to judicial review, as provided in sections 20, 23 of the law. The award will be examined on the appeal in the Appellate Division. The decision of the Board is based on an erroneous theory, so far as it denies itself jurisdiction and holds itself bound by the letter of the policy, but the evidence will be before the court for review to determine whether the plaintiff herein has made out a case of non-liability under the policy. (*Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N Y 314, 317, 318.) The Attorney-General, on behalf of the Industrial Board, now argues that the judgment before us should be affirmed on the ground that the jurisdiction of the Board was exclusive and its award binding.

If the term of the coverage was mutually agreed on and there was a scrivener's mistake as to the term of the policy, due to mutual inadvertence, such as the failure to read the policy and note the error after the minds of the parties had met, the equitable defense may be interposed by the insurance company. If no term was mutually agreed on and the insurance company made a unilateral mistake, it should have canceled its policy, as provided in section 54, when it discovered that fact. Otherwise, in the absence of fraud, the contract as written and delivered must be deemed to be the contract of the parties. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Lewitt & Co., Inc.*, v. *Jewelers' Safety F. Soc.*, 249 N. Y. 217, 223.) These are questions within the wide scope of the powers intrusted to the Industrial Board for its determination.

Such matters should be disposed of summarily before one tribunal so that prompt adjustment of liability for industrial accidents may be obtained without unnecessary litigation and expense. Here we have an accident which

happened more than three years ago with the question of liability still unsettled. Such delays are inconsistent with the purpose of the remedies provided by the Compensation Law.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE and HUBBS, JJ., concur; LEHMAN, KELLOGG and O'BRIEN, JJ., dissent.

Judgment affirmed.