FLORENCE A. STREB, Respondent, v. JOHN J. OTTMAN, Appellant.— Judgment modified by striking out the item of costs allowed under section 1512 of the Civil Practice Act, █ and as so modified affirmed, with costs to the respondent. Section 1512 of the Civil Practice Act has no application to this action. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

JOSEPH C. RUNG, Respondent, v. GRAF & JOHNSON, INCORPORATED, Appellant, and GREATER BUFFALO PRESS, INCORPORATED, Respondent.— Order, so far as appealed from, modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Per Curiam. We construe the order appealed from as deciding that the second amended complaint under attack should be amended as suggested by the learned Special Term to render it adequate in that respect, and — this being done — that the motion to dismiss should be entirely denied. The plaintiff not having appealed, he must be deemed to have acquiesced in that determination. Section 283 of the Civil Practice Act gives the court authority to grant the amendment. However, under that section the amendment should have been allowed "upon such terms as are [were] just." We, therefore, modify the order to provide that the amendment be permitted on payment by plaintiff of ten dollars motion costs plus all statutory costs accruing prior to the appeal. And we affirm the order as thus modified, without costs of this appeal. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

GENERAL TIRE SALES COMPANY, INCORPORATED, Respondent, v. FRANK SMITH, Appellant.— Order affirmed on the facts, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

RAYMOND L. BOMMER, as Committee of the Person and Estate of PHILIP BENE-DITTI, an Incompetent, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK, Respondent.— Judgment affirmed, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

JAMES E. BARONE, Respondent, v. ÆTNA LIFE INSURANCE COMPANY, Appellant.— Judgment modified by striking out the provisions relating to award, and as so modified affirmed, without costs of this appeal to either party. Per Curiam. The record shows a proceeding before the State Industrial Board, but it does not show that the proceeding has been concluded nor that a question of reformation of the insurance policy or any matters involving equitable relief were presented to the Industrial Board or passed on by it. This body had jurisdiction to determine all equitable questions claimed to be involved in the proceeding before it (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322); but in the absence of anything of record to show that any such questions were before the Board, the Supreme Court under its long existing equity jurisdiction was open to the plaintiff seeking such relief. Therefore, since the judgment appealed from grants reformation upon sufficient evidence, it should to that extent be affirmed. However, in so far as it assumes to make an award to plaintiff against defendant the judgment under the circumstances is erroneous, since the Industrial Board apparently still has control of the proceeding and still has the exclusive right to make any awards. (State Const. art. 1, § 19; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.) All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.