In the Matter of the Claim of HENRY SCHUBERT for Compensation under the Workmen's Compensation Law, Respondent, against ABRAHAM HELLER, Employer, Respondent, and ROYAL INDEMNITY COMPANY, Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 17, 1932.

*Barnett Cohen* [*William E. Lyons* of counsel], for the appellant.

*Nathan S. Zucker,* for the respondent, employer.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum* and *Joseph A. McLaughlin, Assistant Attorney General,* of counsel], for the respondents Schubert and State Industrial Board.

RHODES, J. The insurance carrier, by this appeal, questions the determination of the State Industrial Board which held that the carrier's policy of insurance was in force and effect and covered the injuries sustained by the claimant on March 7, 1928.

When the matter was first presented to the Board, the carrier insisted that through a scrivener's error the policy was dated February 9, 1928, instead of March 9, 1928, and asked a reformation thereof. The Board declined to reform the policy on the ground that it had no equitable jurisdiction so to do. Later, the controversy came before the Court of Appeals where it was held that the jurisdiction to hear and determine equitable defenses is incidental to the general jurisdiction of the Board to enforce policies under the Workmen's Compensation Law. (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322.) Thereupon the matter was again presented to the Board which has now held that the policy was in force and effect from and after February 9, 1928, and at the time when claimant was injured. By the appeal from such determination the question is now presented as to whether or not there was any evidence supporting such finding of the Board.

The undisputed evidence is that on March 9, 1928, one Butzel, an insurance broker, by letter, ordered of the insurance company a policy covering the employer. By this letter it was directed that the date of the policy be March 9, 1928. Butzel had no previous dealing with the employer, but was commissioned to procure the insurance by some one acting in behalf of the employer who testified that he had given the order for insurance to a man named Shapiro and it may be inferred that Shapiro placed the order with Butzel. At least there is no other evidence showing who placed the order with Butzel. There is no proof that the broker was acting as agent for the insurance company (See *Arff* v. *S. F. Ins. Co.*, 125 N. Y. 57, at p. 63, and cases cited therein), and there is no proof of any previous or other application to the insurance company in behalf of the employer. It thus appears that the only application made by or on behalf of the employer to the company was for a policy to be dated March 9, 1928. The company attempted to fill this order, that is, it attempted to issue a policy to comply with the requirement that it be dated March ninth. This constituted the agreement with respect to the date when the policy should be issued and operative. There is no question that the policy furnished did not comply with the order, and it is undisputed that it does not comply as to the date because of a mistake of a scrivener. If this policy is held to be operative and effective from and after February 9, 1928, then the employer has received something which he did not order and which the insurance company did not intend or agree to furnish. This is not a case where the insurance company is estopped by reason of having misled the insured to his detriment. The accident to claimant had already occurred; the insured has taken no action and parted with no con-

siderarion in reliance upon any misrepresentation or apparent state of facts caused or created by the insurance company. The employer has not, in reliance upon any action or assertion of the insurance company, been induced to take something different from that he bargained for. He contracted for a policy to be dated March 9, 1928, and that is what he received. If his plight is the fault of any person, it is that of his agents in failing to procure the policy sooner. The insurance carrier certainly was under no obligation to issue a policy until it was ordered. Unquestionably the order was not placed until March ninth. There is, therefore, no evidence to support the determination that the policy was in force and effect prior to March 9, 1928.

The decision of the Board, so far as it involves appellant insurance carrier, should be reversed and the claim dismissed, with costs to the appellant Royal Indemnity Insurance Company against the employer.

All concur, except McNAMEE, J., who dissents and votes to affirm on the grounds that the employer unquestionably had in his possession at the time of the hearing in April, 1928, the insurance policy in question, dated February 9, 1928, which was valid and binding on its face, and that this document was some evidence of the contract therein referred to, as well as of the correctness of the date therein stated; and on the further grounds that the employer, an unlettered man who spoke English brokenly, testified that he gave an order for the policy before the accident, that the policy had been " given " to him and that he was " insured " at a time prior to the date of the accident; and accordingly, a question of fact was presented for determination and was determined by the Industrial Board.

Award as against the insurance carrier reversed, and claim as against the insurance carrier dismissed, with costs to the insurance carrier against the employer.