LONGWELL LUMBER & BUILDING CO., INC., Plaintiff, *v.* MARYLAND CASUALTY COMPANY, Defendant.

Supreme Court, Steuben County, August 18, 1932.

*James McCall*, for the plaintiff.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*Leo Waxman* of counsel], for the defendant.

PERSONIUS, J. The parties seek a construction of a standard workmen's compensation and employers' liability policy issued by the defendant, hereinafter called insurer, to the plaintiff, hereinafter called insured. The complaint does not include a complete copy of the policy but alleges the issuance of the policy, " the original of which will be produced upon the trial of this action * * *." The plaintiff in his brief says: " But * * * it is the intention of the plaintiff, concurred in, we believe, by the defendant, that the sole question to be considered under the pleadings is whether or not a casualty company which has issued to an employer a compensation and employers' liability policy * * * is liable to the insured for expenses for attorneys and witness fees and transcript of evidence incurred by the insured when a person has made a claim for compensation as an employee * * *." To this end a copy of the policy was submitted on the argument.

The complaint further alleges that during the continuance of said policy, one Reed suffered an alleged injury and notified the insured that he was making claim therefor, that the insurer assumed the defense of said claim and that an award was made against the employer insured. (It is conceded that the referee found that the claimant was injured while in the employ of the insured, but that as he was not carried on the payroll of the insured and no premium was paid on his wages, the award was not made against the insurer.) The complaint then alleges that the insurer thereupon withdrew from the defense of the claim, that the insured employed counsel, continued the defense, obtained and conducted a rehearing, took an appeal to the Bureau of Workmen's Compensation and there secured a reversal of the award and a dismissal of the claim. (Concededly the Bureau held that Reed was not an employee of the insured.) The complaint further alleges that the insured gave notice to the insurer of the fact that it was defending said claim and that

in the defense of said claim the insured incurred expenses for legal services and disbursements amounting to and of the reasonable value of $650. The action is brought to recover said sum of the insurer.

Paragraph V of the policy provides: " This agreement shall apply to such injuries sustained by any person * * * employed by this employer whose entire remuneration shall be included " in the remuneration upon which the premium is computed and adjusted. In other words, the premium of a workmen's compensation policy is based upon the payroll; the larger the payroll, the more the premium, and paragraph V limits coverage to injuries to persons whose remuneration appears in the payroll, persons whom we will hereinafter, for convenience, call " payroll employees." There can be no doubt that the insurer was not obligated by the policy to pay an *award* made to an employee who was not a payroll employee.

The insurer (defendant here) argues that as the claimant Reed was not a payroll employee, it was under no obligation under the policy to *defend* his claim.

The insured (plaintiff here) argues that under paragraph III of the policy the insurer, though not obligated to pay the *award*, was obligated to *defend* any proceeding in which it was *alleged* that the claimant was entitled to compensation although such claim was groundless, and that the insurer having failed to do so, thereby compelling the insured to defend itself, the latter is entitled to recover the expense of such defense.

The insurer agreed: " I. (a) To pay promptly to any person entitled thereto under the Workmen's Compensation Law * * * the entire amount of any sum due," etc. It further agreed: " III. To defend * * * any * * * proceedings which may at any time be instituted against him on account of such injuries, including * * * proceedings alleging such injuries * * * although such * * * proceedings, allegations or demands are wholly groundless, false or fraudulent." If the insurer was obligated to defend the claim of Reed, its failure to do so would constitute a breach of the contract, and it would seem that the amount expended by the insured in defending the claim would constitute the damage resulting from the breach. " The policy * * * not only afforded insurance against loss, but also carried with it the obligation of the company to defend suits brought against the assured * * *. Failure to defend suits brought against the assured constituted a breach of contract upon its part." (*Matter of Empire State Surety Co.*, 214 N. Y. 553, 563.)

The questions then are: (1) Was the insurer obligated to defend

Reed's claim, and (2), if so, to what extent was it obligated to defend the claim?

The agreement (policy) provides: " Maryland Casualty Company, Baltimore, does hereby agree with this Employer * * * *as respects personal injuries sustained by Employees,* * * * as follows:

" I. (b) To indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed * * *.

" III. *To defend* * * * *any suit or other proceedings* which may at any time be instituted against him on account of such injuries, *including suits or other proceedings alleging such injuries* and demanding damages or compensation therefor, *although* such suits, other proceedings, allegations or demands are wholly *groundless, false or fraudulent.* * * *

" V. This Agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this Policy is to be computed and adjusted * * *."

The insurer argues that because Reed was not a payroll employee, it was not only under no obligation to pay an *award* but under no obligation to *defend* the claim. We think the insurer's argument is sound, unless paragraph III extends its obligation to include a claim made by one who alleges himself to be an injured payroll employee.

If paragraph III was only intended to include suits or proceedings brought by a payroll employee, why were the words, " including suits or other proceedings *alleging* such injuries," etc., inserted? The prior words would have obligated the insurer to defend any claim made by a payroll employee. The insurer seems to argue that the last part of paragraph III applies only to payroll employees who without grounds or falsely allege that they were injured and disabled in the course of their employment. It reads: " Proceedings alleging such injuries." The policy agreement is " as respects personal injuries sustained by employees." We think it is fair to say that the words, " alleging such injuries," in paragraph III mean alleging personal injuries sustained by employees. That is what claimant Reed alleged, viz., that he was an employee and was injured.

A claim might be groundless (1) because it alleged an employment when there was none, or (2) because it alleged an injury

when there was none. But the insurer was obligated to defend proceedings " alleging such injuries," that is, alleging " personal injuries sustained by employees." We think it follows that paragraph III obligated the insurer to defend a proceeding containing such *allegations*, whether the claimant be a payroll employee, an employee not on the payroll, or not an employee at all. If the insurer intended paragraph III to apply to proceedings commenced by payroll employees only, it could and should have said, " any suit or other proceeding which may at any time be instituted by an employee whose entire remuneration shall be included," etc. Instead it was content to say, " any suits or other proceedings," without expressing any limitation.

We do not think paragraph V can be held to limit paragraph III as contended by the insurer. It is responsible for the language used in the policy and the meaning most favorable to the insured must be accepted. If there be any doubt as to the meaning of its terms, the language should be given the meaning most favorable to the insured. (*Cary Brick Co.* v. *Fidelity & Casualty Co.*, 162 App. Div. 873, 875; affd., 220 N. Y. 744; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 id. 314, 322.)

In *Bloom, etc., Co.* v. *Union Indemnity Co.* (121 Ohio St. 220; 167 N. E. 884) a liability policy covered certain described automobiles. The policy provided: " If * * * any suit is brought * * * the Company will defend such suit, whether groundless or not." A suit was brought. It was claimed and established that none of the automobiles described in the policy were in fact involved in the accident. The court held that the insured was, nevertheless, obligated to defend, saying (p. 227): " If an action be brought to recover damages for injuries *claimed* to have been inflicted by the owner of an automobile, which, as a matter of fact was nowhere in the vicinity of the accident and was therefore in no wise involved in the accident, the owner is nevertheless compelled to make a defense, though the claim against him be entirely groundless — whether it be groundless because the owner was in nowise at fault, or because his automobile was in fact not involved in the collision. It would of course be absured to claim that the insurance company having entered into an agreement such as contained in the policy in question would not be liable for the expenses incurred in making such defense, because, as a matter of fact, the automobile covered by its policy was not involved in the accident. The use of the broad and general terms, ' whether groundless or not,' does not warrant the claim that reference is had only to the matter of negligence of the owner of the automobile covered by the policy and involved in the accident. * * * Certainly when an action is

brought wherein an automobile covered by a policy containing such broad and general terms is *alleged* to have caused the injury for which recovery of damages is sought, the obligation assumed by the company under its contract ' to defend such suit whether groundless or not ' matures."

In *United, etc., Co.* v. *Maryland Casualty Co.* (85 Misc. 539; affd., 169 App. Div. 906) a liability policy exempted from its coverage an accident to a child employed contrary to law. The injured party was so employed. After satisfying itself of this fact, the carrier declined to continue the defense. It was held that by assuming the defense in ignorance of the fact that the plaintiff was so employed, the insured was not estopped from denying liability. The injured party in that case, instead of alleging that he was one of a class of persons covered by the policy, alleged the contrary, namely, that he was under the legal employment age. Furthermore, it does not appear that the policy contained the requirement that the insured would defend the claim of one who alleged that he came under the policy. In *Freedman* v. *Northwestern, etc., Co.* (133 Misc. 713) it does not appear that there was any provision similar to paragraph III in the present policy. Only a very limited statement of facts is contained in the opinion and the court cites two cases in which the insured was relieved of liability because the policy specifically covered certain premises, while the accident occurred elsewhere. It does not appear that the claimant even *alleged* that he was injured on the premises covered by the policy. These cases are similar to *Holland Laundry* v. *Travelers Ins. Co.* (166 App. Div. 621), where the court said of a policy provision like paragraph III: " That agreement did not apply   *   *   *." (See, also, 2 Berry Automobiles [6th ed.], § 2091.)

This is not a case where an employer intentionally omitted the name of an employee from the payroll. There was no bad faith on the employer's part. At all times it claimed that Reed was not an employee at all.

The insured urged other grounds in support of its complaint.

It is alleged that the insured also carried a liability policy covering non-employees which contained the same provision as to defending groundless claims. We do not think this policy controls.  Mr. Reed never claimed as a non-employee. But may it not be fairly argued that when an insurer issues and an insured accepts two policies, one covering employees and the other non-employees, both parties must have intended complete coverage as to defending suits?

As to waiver, where an insurer under a liability policy assumes the defense of an action without reservation " it is a decision on its part that the case does fall under the policy " (*Sachs* v. *Maryland*

*Casualty Co.*, 170 App. Div. 494, 496), and it is held to have waived non-coverage. Not so as to an insurer under a workmen's compensation policy. There the insurer is a party to the proceeding and not only may, but must, assert any defense it has against the insured as well as the claimant, who are also parties (*Matter of Cheeseman* v. *Cheeseman*, 236 N. Y. 47; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 id. 314), even though it be an equitable defense. (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322.) Being compelled to defend in a compensation proceeding in order to protect itself, it cannot be said to have waived the question of coverage. The referee held that the insurer was not obligated to pay the award. Such holding is binding on all parties. The referee, however, did not pass upon the insurer's obligation to defend.

The insured also argues that the insurer was guilty of bad faith in asserting a defense favorable to itself, but adverse to the insured, without notifying the insured. He cites *Brassil* v. *Maryland Casualty Co.* (210 N. Y. 235, 240) and *Matter of Hammele* v. *McMahon* (220 App. Div. 60). We do not think the allegations of the complaint are sufficient to warrant us in passing on this question.

Was the insurer obligated to take an appeal from the award of the referee? In *Brassil* v. *Maryland Casualty Co.* (*supra*) the insurer failed to appeal from a verdict. The insured appealed and the verdict was reversed and the case subsequently dismissed for failure to prosecute. The insured sued to recover the expense of the appeal. The court said (p. 241): " Having thus effectually tied the plaintiff hand and foot, the defendant left him to continue the fight as best he could. Even this conduct might stand the test of legal principles, if not of good morals, *had there not in fact been a good ground of appeal.* That there was a legal defense to the actions is attested by the report of the appeal taken by the plaintiff * * * from which it appears that the judgment in favor of the Loughlins [plaintiffs in the action for damages] against the plaintiff was reversed." We think the insurer in the present case was not only obligated to defend before the referee but also to appeal from the referee's award.

Motion denied, with ten dollars costs.