In the Matter of the Claim of FLOYD HASKELL, Appellant, against HARRY J. HITCHCOCK, Employer, and ARTHUR M. SWEET, Alleged Employer, Appellants, and MERCHANTS MUTUAL INSURANCE COMPANY, Insurance Carrier, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1941.

*Hugh V. N. Bodine,* for the claimant-appellant.

*Phillips & Skinner* [*McKinley L. Skinner* of counsel], for the employer-appellant.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board.

*Baier & Chamberlain* [*Harold Turner* of counsel], for the Merchants Mutual Insurance Company, respondent.

*Arthur M. Sweet,* in person.

BLISS, J.    Arthur M. Sweet owned a farm in Chautauqua county. In the fall of 1938 he decided to build a barn to replace one that had burned down some months before. He consulted with Harry Hitchcock, a carpenter and barn builder, and made an agreement with Hitchcock to build this barn by which Hitchcock agreed to do all the labor.    Sweet agreed to pay Hitchcock $1,375 for this work, to furnish all the material and to carry the necessary workmen's compensation insurance at his own expense.    Sweet was building a silo at the same time and he also wanted the men who worked on the silo covered for workmen's compensation insurance.    After making his agreement with Hitchcock, Sweet talked with Terry Anderson, the agent of the respondent Merchants Mutual Insurance Company.    He told Anderson he was building a barn and silo and would like compensation that would cover " all of my labor help, all the men."    He said to Anderson that Hitchcock was building the barn but he did not tell the manner of payment, although he did say he wanted " everybody on that job covered, including the silo job."    The payroll was estimated at under $1,500, and in making that estimate the amount that Sweet had agreed to pay Hitchcock for labor on the barn was included. Anderson, the insurance agent, said that he would send in the application directly so that the men would be covered because they were all working at this time.    Shortly thereafter Anderson brought the policy down to the site of the barn where the work was in progress just at lunch time and there was some talk between Anderson, Sweet and Hitchcock at that time.    Anderson suggested that as soon as the building operation terminated the policy could be

terminated on a *pro rata* basis. The conversation was to the effect that the policy covered all the men working on the silo and barn except Sweet himself. There was also talk between Anderson and Hitchcock to the effect that all the men would be covered under the policy. A correction in the policy was necessary in order to eliminate an item for painting. As thus corrected, the policy was later delivered to Sweet, who paid the premium. Anderson, the insurance agent, says that Sweet told him Hitchcock was going to supervise the construction of the barn and that he did not know the barn was to be erected under contract or for a stipulated amount. He did not know that there was any distinction between the men working on the barn and those working on the silo. He understood that Sweet was building a barn and Hitchcock was supervising it. He admitted that Sweet gave him the figures of the approximate payroll of $1,500 and told him that not more than six or eight men would be employed on the job and that he understood that every one was to be covered by the policy.

On November 10, 1938, the claimant Haskell was injured while putting the roof on the new barn. The Industrial Board found that Haskell was the employee of Hitchcock, who was uninsured, and made an award against Hitchcock alone. In reaching this decision the Board found that there were no facts or circumstances warranting it to reform the policy issued by the Merchants Mutual to Sweet so as to cover the barn building operation conducted by Hitchcock. It also denied a motion to reform the insurance contract so as to cover the barn building operation by Hitchcock on the ground that there were no facts, credible evidence or circumstances which would have justified the granting of such motion. From this decision both the claimant Haskell and the employer Hitchcock have appealed. The referee who heard the case in the first instance made an allowance to claimant's attorney of one hundred and fifty dollars which the Board reduced to fifty dollars and the attorney has appealed from that portion of the decision.

We believe that the Industrial Board was under a misapprehension when it concluded that there were no facts, credible evidence or circumstances which would have justified a reformation of the policy so as to include Hitchcock as an insured employer and to cover the barn building operation. The evidence shows that Sweet, Hitchcock and Anderson understood that Hitchcock was building the barn for Sweet and that every one who worked on that job was to be covered by the policy. Anderson visited the job and even made a suggestion for a *pro rata* cancellation of the policy as soon as the building operation terminated. The company furnished Sweet with the usual notice of coverage under the Workmen's

Compensation Law to be posted up on the job as required by statute. The building of this barn was the risk insured and all the men employed on this risk were to be covered by the policy. The estimated total remuneration of $1,500 as contained in the policy included the labor cost of the barn and the premium was accepted by the company and the policy delivered with full knowledge of this fact. The risk of injury to the workmen employed in the construction of this barn was the risk that was intended to be insured against by all of the parties concerned. " The name of the insured in the policy is not always important if the intent to cover the risk is clear." (*Lipshitz* v. *Hotel Charles*, 226 App. Div. 839; affd., 252 N. Y. 518.) Sweet, Hitchcock and Anderson all understood that this was the risk that was covered. These facts would have justified the Board in reforming the policy and the Board clearly misconceived its authority or misinterpreted the evidence in concluding otherwise. That the Board has power and jurisdiction to grant a reformation of such a policy is no longer in doubt. (*McMahon* v. *Gretzula*, 238 App. Div. 877; *Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322; *Barone* v. *Ætna Life Ins. Co.*, 260 id. 410; *La Morticella* v. *La Morticella Brothers*, 244 App. Div. 839.)

The matter of the attorney's fee should also go back to the Board for further consideration. In view of the amount of services rendered by the attorney and the result accomplished, the allowance to him is quite inadequate. The decision and award of the Industrial Board should be affirmed in so far as it makes an award against Harry J. Hitchcock as the employer and is reversed in all other respects and remitted to the Industrial Board for further proceedings, with one bill of costs and disbursements to the appellants Haskell and Bodine, and one bill of costs and disbursements to the appellant Hitchcock against the respondent Merchants Mutual Insurance Company.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Decision and award affirmed in so far as it makes an award against Harry J. Hitchcock as an employer and reversed in all other respects and remitted to the Industrial Board, with one bill of costs and disbursements to the appellants Haskell and Bodine, and one bill of costs and disbursements to the appellant Hitchcock against the respondent Merchants Mutual Insurance Company.