In the Matter of D. JULIAN SAXTON et al., Respondents, against CLAIR NYE, Appellant.

Fourth Department, June 19, 1957.

*Albert E. Hollis* for appellant.

*W. Earle Costello* for respondents.

KIMBALL, J. The question presented upon this appeal is one of law. The petitioners, pursuant to sections 275 and 333-b of the Real Property Law sought an order requiring the respondent to make, execute and deliver an assignment of a mortgage. The petitioners' position was that they had tendered the full amount of principal and interest due. The respondent answered and alleged that the mortgage was delivered and accepted under a mutual mistake of fact; that the mortgage did not recite the provisions embodied in the agreement between the parties; that the amount tendered by the petitioners was not the full amount due according to the true agreement between the parties. Upon the hearing, the court refused to take evidence tending to show, as claimed by the respondent, that there was a mutual mistake of fact. The allegations of mutual mistake were set up in the answer, not as a counterclaim for affirmative relief by way of reformation, but solely as a defense to the prayer for relief in the petition.

The court held that the tender made was sufficient if it was in accordance with the terms and provisions of the mortgage and that an affirmative defense of mutual mistake could not be interposed; that the respondent's sole remedy was by way of an action in equity to reform the mortgage. Such is not the law of this State. Affirmative demand for reformation, either as a counterclaim or by way of a separate action in equity is not requisite to frame the issue of mutual mistake. The facts which

would sustain reformation on the ground of mutual mistake may be pleaded and proved as an equitable defense and demand for reformation is not necessary. (*Susquehanna S.S. Co.* v. *Andersen & Co.*, 239 N. Y. 285.) In that case the plaintiff asked for judgment on a contract according to its terms. The answer set up fraud or mutual mistake in the making of the contract as a defense and not as a counterclaim for reformation. Judge CARDOZO wrote (pp. 291-292): " This is good as a bar, and does not cease to be good because the defendant, if it had so chosen, might have asked for something more. * * * All that is necessary is that the equities when established be destructive of the plaintiff's right." Whether in this statutory special proceeding the respondent would have been entitled to ask reformation is not presently before us for decision.

We think that such equitable defense may be interposed in this special proceeding in the same manner as though it were interposed in an action. In both cases, the petitioner in one and the plaintiff in the other, are asking relief, and have the burden of establishing their right thereto. If a defense, legal or equitable, is destructive of his right it should be heard and a determination made in the action or in the proceeding. In *Royal Ind. Co.* v. *Heller* (256 N. Y. 322) it was held that the State Industrial Board had the right to consider a defense of mutual mistake and enforce the true agreement of the parties. So the court in this proceeding may consider the defense of mutual mistake and make a determination as to the rights of the parties in accordance with the proof.

The order should be reversed and a new hearing had.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Order reversed on the law and a new hearing granted, without costs of this appeal to any party.