■ In the Matter of the Claim of ERVIN CASEY, Respondent, against MARTIN CONTRACTING Co. et al., Appellants, and AETNA CASUALTY INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Martin Contracting Co. (hereafter called Martin) and the State Insurance Fund (hereafter called Fund) from a decision and award of the Workmen's Compensation Board which held that claimant was an employee of Martin and the Fund was liable for compensation. The claim involves a question of coverage resulting from the operations of two corporations, Martin and the Martin Fireproofing Company (hereafter called Fireproofing). While the record does not reveal whether these companies have any common share holders, directors or officers, their operations are closely interrelated. Fireproofing enters into subcontracts for work on construction contracts, and if the work is to be performed in this State, Martin does the actual work and the profits are divided on a percentage basis. Martin has no power to enter into contracts except with Fireproofing. If the work is to be performed outside of this State then Fireproofing does the work. The same employees are used

by both companies and when they work in this State they are paid by Martin and out of the State they are paid by Fireproofing. On work out of the State, Fireproofing hires local workmen to supplement those brought to the worksite from this State. Martin which does work only in this State, is insured by the Fund. Fireproofing has a compensation policy with Aetna Casualty Insurance Company (hereafter called Aetna) but this policy only covers liability under the compensation laws of several foreign States except for clerical employees in the State of New York. The claimant herein suffered an industrial accident while working on a job in the State of Massachusetts. He is a resident of this State and has worked for both Martin and Fireproofing for over 16 years as a cement finisher. He is paid by either company, depending upon the situs of his work, and at each year's end he receives separate Internal Revenue W-2 forms from each company. While on the Massachusetts job he was on the payroll of Fireproofing and that company deducted withholding taxes, etc. from his salary. He was paid his wages in cash through the medium of a check sent by Fireproofing to its foreman in Massachusetts. Fireproofing paid compensation premiums to Aetna on claimant and other employees from New York, as well as local employees who were residents of Massachusetts. The board has found that claimant was an employee of Martin, apparently on the theory that Martin was the parent corporation, encompassing in all or in part Fireproofing, and that the use of different corporate entities was solely a matter of convenience. We find no evidence in the record to support such a theory or such a finding. It may have been occasioned by the fact that claimant was not covered by Aetna, for all parties concede that claimant's work was a New York employment and Aetna was not liable for compensation in New York except as to clerical employees. Possibly there may be ground for a reformation of Aetna's policy since Fireproofing was apparently paying the premiums to it under the mistaken belief that claimant was covered and Aetna may have retained the premiums with the same belief in mind (*Royal Ind. Co.* v. *Heller,* 256 N. Y. 322; *Heath* v. *State of New York,* 278 App. Div. 8, affd. 303 N. Y. 658). But on this record an adequate determination cannot be made as to any mutual mistake of fact. The record is also inadequate to sustain a determination that claimant was an employee of Martin at the time he was injured. It does not show how the management of the two companies was interrelated, if such is the fact, or whether there was a parent-subsidiary relationship. In fact all the evidence in the present record would indicate that claimant was an employee of Fireproofing at the time of his accident. Since it is conceded that his work was New York employment he is entitled to compensation under the laws of this State. If it is ultimately determined that he is an employee of Fireproofing, and also that Aetna does not cover him proceedings may be brought against Fireproofing for failure to secure compensation. In any event since there is no substantial evidence to support the board's finding that Martin was claimant's employer at the time of the accident, and the record is inadequate to support a determination as to other issues the award should be reversed and the matter remitted. Decision and award reversed, with costs to appellants against the Workmen's Compensation Board and the matter remitted. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.