■ In the Matter of the Claim of WALTER BLYTHE, Respondent, v. MEAD C. COCHRAN et al., Respondents, and AMERICAN CASUALTY COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Appellant's policy of workmen's compensation insurance covered employer's operations in Pennsylvania. The Workmen's Compensation Board has found that the intention of both the insurer and the employer was that the policy should cover operations in New York and its decision reformed the policy accordingly. Upon a proper record such reformation of the policy lies within the board's power. (*Royal Ind. Co.* v. *Heller,* 256 N. Y. 322; *Heath* v. *State of New York,* 278 App. Div. 8.) The record shows that the employer applied for coverage through a licensed agent in Pennsylvania authorized to bind the appellant carrier and told her that the work was to be performed in New York. This was referred by the agent to appellant's office in Pittsburgh and after this reference the agent told the employer he was covered in New York. This embraces an aspect of the proof most favorable to the decision appealed from and within the fact-finding power of the board. In these circumstances a mutual mistake would have existed which would warrant reformation. Although the board placed heavy reliance on its conclusion that the carrier was estopped from asserting noncoverage in New York because an audit would have disclosed only a New York operation and it made no such audit, the decision is sufficiently broad in scope to rest upon mutual mistake, i.e., the finding is that the work "was done solely in New York" and "The employer requested   *   *   * compensation insurance to cover   *   *   * such work." The decision upon this and other findings was that "the policy of insurance" is "reformed to cover the business operations in New York." We do not agree with the other basis of the decision that a mere failure to audit works an estoppel to deny what an audit, if made, would have shown. This concept does violence to the usual conditions underlying the rule of estoppel. But the finding of mutual mistake sufficiently sustains the decision. Decision of the Workmen's Compensation Board affirmed, with costs to the Workmen's Compensation Board against appellant carrier. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.

■ FRANKLIN D. R. SNOWDEN, Appellant, v. ANNE KAPLAN et al., Respondents.— Order modified by reversing so much thereof as strikes the fourth cause of action contained in the complaint and as strikes paragraphs 12, 13 and 14 in the second cause of action in the complaint, with $10 costs. In our opinion those portions of the complaint liberally construed are sufficient on their face. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.