■ In the Matter of the Claim of HAIKAL ABUGHOUSH, Respondent, v WINGS OVER SYRACUSE, INC., Respondent, and

---

Tower Insurance Company of New York, Appellant. Workers' Compensation Board, Respondent. [911 NYS2d 262]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 7, 2009, which ruled that the workers' compensation insurance policy issued by Tower Insurance Company of New York covered claimant's injury.

Claimant sustained a work-related injury in October 2007 and sought workers' compensation benefits. The employer's workers' compensation carrier did not initially dispute the claim for benefits, but raised an issue of coverage shortly thereafter. Specifically, the carrier pointed out that the relevant workers' compensation insurance policy listed claimant as his employer's corporate president and excluded him from coverage (*see* Workers' Compensation Law § 54 [6]). Following hearings, the Workers' Compensation Board determined that claimant was a covered employee, and the carrier now appeals.

Claimant testified that he was a manager for the employer and not its president, a fact confirmed by the employer's actual president. The employer's application for workers' compensation insurance, submitted through an insurance agency that served as the carrier's agent, erroneously identified claimant as the employer's president. The application, however, also sought to include claimant under the terms of the policy, and the agency's representative testified that the exclusion occurred because of a clerical error in the electronic version of the application submitted to the carrier. Indeed, despite the stated exclusion, a premium for executive officer coverage was listed in the electronic application and included in the policy. Substantial evidence thus supports the Board's finding that, notwithstanding the purported exclusion, claimant was covered under the policy's terms (*see Royal Indem. Co. v Heller*, 256 NY 322, 327 [1931]; *Matter of Valenti v Valenti*, 28 AD2d 572, 573 [1967]; *Matter of Casey v Martin Contr. Co.*, 8 AD2d 877, 878 [1959]).

Mercure, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.