ANGELA L. BARONE, as Administratrix of the Estate of JAMES E. BARONE, Deceased, Respondent, *v.* ÆTNA LIFE INSURANCE COMPANY, Appellant.

(Argued December 2, 1932; decided January 10, 1933.)

*Frank L. Ward* for appellant.   The Supreme Court was without jurisdiction to pass upon the questions raised, and the judgment herein is void.   (*McMahon* v. *Gretzula,* 227 App. Div. 256; *Lane* v. *Lane,* 229 App. Div. 50; *Royal Indemnity Co.* v. *Heller,* 256 N. Y. 322; *Thacker* v. *Hubbell & Appleby,* 122 Va. 379; *Eaton* v. *Eaton,* 233 Mass. 351; *Matter of Walker,* 136 N. Y. 20; *Davidsburg*

v. *Knickerbocker Life Ins. Co.*, 90 N. Y. 526; *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315; *Burckle* v. *Eckhart*, 3 N. Y. 132; *Skoczlois* v. *Vincour*, 221 N. Y. 276.) Neither the insurance agent nor his clerk had power to extend the policy so as to cover a new contract, and even if the agent had power to extend the coverage of said policy, the message sent by plaintiff to the agent was never delivered to him and hence there was not a meeting of the minds and no contract resulted. (*Dudley* v. *Perkins*, 225 N. Y. 448; *Farmers' Fund* v. *Tooker*, 207 App. Div. 37; *Struzewski* v. *Farmers Fire Ins. Co.*, 226 N. Y. 338; *Alhambra American Co.* v. *Associated First Nat. Pictures, Inc.*, 207 App. Div. 550; *Hicks* v. *British American Ins. Co.*, 162 N. Y. 284; *McMahon* v. *Gretzula*, 227 App. Div. 256; *Lane* v. *Lane*, 229 App. Div. 50.)

*William J. Darch* and *George W. Watson* for respondent. Notice to the clerk is notice to the agent and binds the carrier. (*Chase* v. *Peoples Ins. Co.*, 14 Hun, 456; *Moore* v. *N. Y. Bowery Fire Ins. Co.*, 55 Hun, 540; *Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y. 117; *Arff* v. *Star Fire Ins. Co.*, 125 N. Y. 64; *Carpenter* v. *German Ins. Co.*, 135 N. Y. 298; *Cullinan* v. *Bowker*, 40 Misc. Rep. 441; *Kinney* v. *Amazon Ins. Co.*, 36 Hun, 69; *Brown* v. *German American Ins. Co.*, 10 N. Y. St. Repr. 413; *Cook* v. *Ætna Ins. Co.*, 7 Daly, 560; *Allen* v. *St. Louis Ins. Co.*, 85 N. Y. 473; *Davis* v. *Lamar Ins. Co.*, 18 Hun, 230.) The policy should be reformed. (*McMahon* v. *Gretzula*, 227 App. Div. 256; *Astrin* v. *E. N. Y. Woodwork Mfg. Co.*, 210 App. Div. 720; *Dobrosky* v. *Weintraub*, 32 State Dept. Rep. 64; *Paskie* v. *Commercial Cas. Ins. Co.*, 223 App. Div. 603; *LeGendre* v. *Insurance Co.*, 95 App. Div. 562; 179 N. Y. 537; *Schuesler* v. *Insurance Co.*, 103 App. Div. 12; 185 N. Y. 578; *Ulman* v. *Equitable Ins. Co.*, 161 App. Div. 708; *Schenectady Varnish Co.* v. *Auto Ins. Co.*, 127 Misc. Rep. 751; *Castellano* v. *American Fire Ins. Co.*, 222 App. Div. 169; *Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283; *Mincho* v. *Insurance Co.*, 124 App. Div. 578.)

POUND, Ch. J. This is an action to reform a policy of compensation insurance in force until April 23, 1929. The policy is general in its terms and describes no particular place of work. Barone, the insured, was a contractor for sewer pipe and gas line jobs whose work took him from place to place as he obtained contracts. When he moved to a new job he notified the insurance agent and the insurance agent made out a slip called a declaration which contained a description of the work-place, the nature of the work and the estimated payroll and attached it to the policy. Insured, now deceased, had completed a job at Hamburg where he was covered by the policy and was about to move to a new job known as the Bergen-LeRoy job. He was ill in a hospital in Jamestown and he sent his wife to Batavia to see Newman L. Hawks, the insurance agent there with whom he had transacted his insurance business for some years, and have the policy cover the new job. She went to Batavia, arriving in the evening after office hours. She met Mary Underdunk, whom she knew as a clerk or bookkeeper in Mr. Hawks' office, with whom she had previously transacted insurance business, and told her of her errand. Miss Underdunk told her the office was closed but that she would take care of " that endorsement on that job." Thereafter during the term of the policy there was an accident on the job and the insurance agent then told Barone he was not covered. All this appears without dispute. When told of the conversation between Miss Underdunk and Mrs. Barone, Hawks said: " Well, if you told Mary [Miss Underdunk] you are covered." She told Mary but Mary did not tell Hawks. At the time of the accident no coverage appeared on the face of the policy.

Proceedings were instituted before the Industrial Board but it was agreed all around that the Board could not permit a recovery against the insurance carrier on the policy and this action was begun in the Supreme Court,

before the Industrial Board had rendered its decision, to reform the policy so as to cover the Bergen-LeRoy job.

The defendant did not plead that a proceeding was pending before the Industrial Board. It now raises the jurisdictional question and contends that since our decision in *Royal Indemnity Co.* v. *Heller* (256 N. Y. 322) the Supreme Court has been ousted of jurisdiction to reform a contract of compensation insurance and exclusive jurisdiction has been vested in the Industrial Board. No question of reformation arose in the *Heller* case. It dealt with equitable defenses only. It was held that the Board might consider a defense of mutual mistake and enforce the true agreement of the parties.

Workmen's Compensation Law (Cons. Laws, ch. 67, § 23) says: "*an award or decision* of the board shall be final and conclusive upon all questions within its jurisdiction," but there had been no decision of the Board when this action was begun. The Supreme Court has general jurisdiction in law and equity (N. Y. Const. art. VI, § 1), and the reformation of contracts is a well-understood field of equitable jurisdiction. Giving additional jurisdiction to other tribunals does not take general jurisdiction away from the Supreme Court. (*Matter of Stilwell*, 139 N. Y. 337, 342; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 274.) We held in the *Heller* case that these matters may be disposed of summarily before the Industrial Board as being within the wide scope of the powers intrusted to it. The Board may make a decision thereon which is final and conclusive, except for judicial review, but it has never been held that the power to make such a decision means that the parties may not resort to the Supreme Court to adjust their difficulties in this regard if they choose and that is what they did in this case. The Industrial Board has, and can have, no exclusive jurisdiction to reform insurance contracts. To raise the point that the Board had first obtained jurisdiction, it should have pleaded another proceeding pend-

ing. This it failed to do and thus it waived the only point which was open to it to make.

The defense that the risk was not covered by the policy is of a strictly technical character and is of a type that has found little support in judicial decisions. Here we have unquestionably a valid policy of compensation insurance, which by certain formalities may be shifted from job to job on notice to the agent. The idea that there may be a substantial difference in such jobs requiring investigation, deliberation and decision by the company is in the main illusory. We have an insurance agent who is held out to the public as one authorized to attach declarations to such policies as a matter of course. He had previously attached such declarations and had even waived the requirement of a declaration and the company had paid a loss when there was no declaration covering it attached to the policy, although it is claimed that this was by way of compromise only. The agent had the apparent power to contract for risks and the insured was safe in relying thereon.

But it is suggested that the clerk had no power to cover risks. By the application of a doctrine enunciated in the New York case of *Bodine* v. *Exchange Fire Ins. Co.* (51 N. Y. 117), and generally followed (*Arff* v. *Star Fire Ins. Co.*, 125 N. Y. 57), it is held that the business of an insurance agent, either in issuing policies or soliciting insurance, is not of such a discretionary or personal nature that it cannot be delegated. It is held to be a matter of common knowledge, of which the company is, of course, aware, that the insurance business is carried on by agents largely through subordinates; that it cannot properly be carried on in any other way, and that, therefore, the ordinary local but so-called general agent may, as a matter of implied consent, appoint sub-agents and subordinates whose statements, acts, knowledge or receipt of notice, within the ordinary course of business will bind

the company. (1 Mechem on Agency [2d ed.], § 1054; Vance on Insurance [2d ed.], p. 429.)

The fact that the interview with the clerk occurred on the street is immaterial. The employee of the agent in the *Bodine* case was on the street when he delivered a policy of insurance without the actual payment of the premium, although a condition appeared in the policy that it should not take effect until the premium was paid. " An insurance agent can authorize his clerk to contract for risks." (*Bodine* v. *Exchange Fire Ins. Co., supra*, p. 123.) Here the manner of doing business in the office indicated that the clerk had entire charge of the office when her employer was absent and apparently had the same authority that he apparently had. " These clerks can bind their principals in any of the business which they are authorized to transact." (*Bodine* v. *Exchange Fire Ins. Co., supra*, p. 123.)

It is a matter of common knowledge that when we tell a clerk in an insurance agent's office to renew a policy and he says, " You are covered," we are covered. No elaborate analysis or refinement of the agent's actual powers or the actual or apparent powers of the clerk should be permitted to defeat the liability of the company. (*Stewart* v. *Mutual Life Ins. Co.*, 155 N. Y. 257; *Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39; *Syracuse Lighting Co.* v. *Maryland Casualty Co.*, 226 N. Y. 25.) Insurance companies cannot be ignorant of that which every man knows. Here the policy was actually issued and mere notice to the clerk had been considered enough in such cases to change the place of coverage.

The judgment should be affirmed, with costs.

CRANE, O'BRIEN and HUBBS, JJ., concur; LEHMAN and KELLOGG, JJ., dissent; CROUCH, J., not sitting.

Judgment affirmed.