CONTINENTAL CASUALTY COMPANY, Respondent, *v.* GLEASNER COMPRESSED AIR SUPPLY & EQUIPMENT COMPANY, INC., and Others, Defendants, Impleaded with FRANCES PERKINS, as Industrial Commissioner of the State of New York, and Others, Appellants.

Fourth Department, November 15, 1933.

*John J. Bennett, Jr., Attorney-General [Vincent A. Tauriello, Joseph A. McLaughlin* and *Isaac Frank, Assistant Attorneys-General,* of counsel], for the appellants.

*Gibbons, Pottle & Pottle [Frank Gibbons* of counsel], for the respondent.

CROSBY, J. The complaint alleges, among other things, that plaintiff, Continental Casualty Company, issued to the Gleasner Company a standard workmen's compensation and employers' liability policy of insurance, under an agreement with the Gleasner Company and its officers that said policy was not to cover loss due to the injury or death of (among others) William J. Gleasner, its president; that the premiums paid for said policy were based on

a payroll which did not include the wages paid to said William J. Gleasner, and that, in consideration of the reduced premiums, it was agreed that said William J. Gleasner would execute and have attached to said policy a rider that would have the effect of excluding him and his dependents from the benefit of such policy in case of his injury or death during his employment by said company, and that, through a mutual mistake, contrary to said agreement, said policy was issued without the rider being attached. The complaint further alleges that said William J. Gleasner sustained injuries during his employment, from which he died; that his widow and only dependent, the defendant Lillian B. Gleasner, made a claim for compensation, which she afterwards withdrew upon learning of the mistake in the policy as to the form in which it was drawn, and that the Industrial Board, acting through its referee, the defendant Blatchley, threatens to continue the compensation proceeding for the purpose of awarding to the State of New York $1,000, that is, $500 under each of subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, and the complaint prays that the policy be reformed to conform to the agreement of the parties. A motion was made that all the defendants be restrained from proceeding with the compensation case until the determination of this action for reformation of the policy.

It is from the order granting such motion that this appeal is taken.

The answer, in addition to a general denial, alleges, in substance, that the policy, as issued, includes W. J. Gleasner in its benefits, and that plaintiff came into the compensation proceeding and filed a " notice of controversy," as it is called, in and by which it submitted to the Industrial Board its claim of non-liability because of mistake in the form in which the policy was issued, and the answer further alleges that the Industrial Board has full power to entertain the equitable defense to liability on the policy and to decide the issue raised by such defense, and to reform the policy on account of mutual mistake, and that the Industrial Board, having first assumed jurisdiction, and the plaintiff having, by its notice of controversy, actually submitted its cause to that jurisdiction, plaintiff cannot bring this action in Supreme Court.

Plaintiff's motion for temporary injunction was granted by the Special Term on the theory that plaintiff never " submitted its rights and claims to the jurisdiction of the Industrial Board." The question is not now before us, and we need not decide whether plaintiff was bound to submit its claim for reformation of its policy to the referee of the Industrial Board, for it actually did so. It is

now well settled that "the jurisdiction to hear and determine equitable defenses is incidental to the general jurisdiction of the Board to enforce policies under the Workmen's Compensation Law." (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322.) To be sure, in that case, a claim for reformation was not involved. But in the case of *Barone* v. *Ætna Life Insurance Co.* (260 N. Y. 410) reformation was involved, and it was held there that the Supreme Court had not, by the Workmen's Compensation Law, been ousted of its jurisdiction in that regard, but the decision sustained the right of the Supreme Court to try that issue on the express theory that the answer in the case neglected to plead that the Industrial Board had already assumed jurisdiction to try the issue. The court in its opinion said: "The Industrial Board has, and can have, no exclusive jurisdiction to reform insurance contracts. To raise the point that the Board had first obtained jurisdiction, it should have pleaded another proceeding pending. This it failed to do and thus it waived the only point which was open to it to make."

In the instant case the answer pleads the prior proceeding pending before the Industrial Board, and whether or not plaintiff was bound to submit its claim for reformation to the Board, it is clear that, for all practical purposes, it did so. In its notice of controversy, filed with the Board, plaintiff does not specifically ask to have its policy reformed but does deny its liability, and states, as its ground for denial of liability, that the name of deceased "was not on the payroll" and "no premium was ever collected by the insurance carrier on any wages received by this deceased, * * * and for the above reasons our claim is that this is not a compensatable case, and reserves the right to controvert for such other reasons as may later appear." In the colloquies that followed between the referee and counsel for plaintiff it appears, to be sure, that an equity action to reform the policy was freely talked of, but the fact remains that plaintiff's counsel, by disclosing to the referee what a perfect right he had to a reformation, and what a complete defense he would have under the policy when reformed, urged upon the referee his duty to dismiss all claims against plaintiff. How can plaintiff be heard to say that it did not submit to the referee the very issue which it asked the referee to decide in its favor? For it is conceded that plaintiff could not escape liability on the policy in its present form. Reformation was essential to the end sought, and in submitting to the Board its right to be relieved of liability it must have submitted its right to reformation as the only means by which liability could be escaped. Though no extended trial was had, affidavits were submitted and plaintiff

claimed a right to a favorable decision of the referee because of a defense so clear that a trial was claimed to be unnecessary.

On this record we think the whole matter was submitted to the Board, which had full power to act, and that fact was pleaded in bar in the answer in the instant action. Even if there should be thought to be doubt as to whether the matter was actually submitted by the plaintiff to the Board, still that proceeding is open and the plaintiff is not as yet precluded from tendering the issue with complete formality.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.