In the Matter of the Claim of WILLARD ARCHER, Respondent, against GEORGE B. COLE, SR., Alleged Employer, Appellant. STATE INDUSTRIAL BOARD, Respondent.— An award has been made to claimant upon the theory that he was employed in a small glove factory. Evidence to sustain the finding was given by him and by no other witness. The alleged employer stated that because of a lack of business several months before the injury he had canceled his compensation insurance and told the claimant that he would have to get another position. That a few days later he and the claimant made an agreement whereunder claimant leased a machine in the alleged employer's factory, and started business for himself as a glove cutter obtaining the work from other small glove manufacturers in the vicinity. Seven apparently disinterested witnesses besides the son of the alleged employer testified to statements made by claimant which indicated that the contract between himself and the employer was as stated by the latter. These statements as recounted by the eight witnesses were in direct conflict with the claimant's testimony given in the proceeding. The weight and consideration given this evidence by the referee is shown by the following excerpt from the record: " Q. Now will you state what conversation you had with Mr. Archer at that time relating to the work that he was doing in Mr. Cole's factory? The Referee: I can't see that that is proper testimony. He might tell him most anything. That hasn't any bearing on the case. Mr. Carroll: He is the claimant. The Referee: Yes, I know it. Mr. Carroll: And says he is working for Mr. Cole and that is the whole basis of his claim. If he wasn't working for Mr. Cole, then certainly he can't have compensation. The Referee: What he told this witness is of no account. Mr. Carroll: You mean if he told this witness something contrary to what he has sworn to. The Referee: It wasn't under oath. Mr. Carroll:

If he makes statements which are in conflict with the sworn testimony that he gives that certainly is material in any court. The Referee: I don't think so. You can answer, though." All questions of fact are to be determined by the Board or the referee. Errors of law may be reviewed by this court. The referee erred as to the materiality and competency of evidence. Award reversed, with costs against the State Industrial Board, and matter remitted. Hill, P. J., Rhodes McNamee, Crapser and Bliss, JJ., concur.