Award reversed and claim dismissed, without costs.

In the Matter of the Claim of CHARLES WANAMAKER, Respondent, against BURTON SELFRIDGE, Doing Business as EMPIRE SCAFFOLDING AND LADDER Co., Employer, Respondent, and LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 15, 1940.

*McDevitt & Stricker [George S. Collins* of counsel], for the appellant.

*Sanford Green [Arthur Karger* with him on the brief], for the claimant, respondent.

*Harold Flatto,* for the employer, respondent.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board.

SCHENCK, J. This is an appeal by the insurance carrier from an award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for disability compensation covering the period from July 12, 1936, to January 15, 1937.

The sole question involved herein is one of coverage under a policy of workmen's compensation insurance. Upon a previous appeal to this court the decision of the State Industrial Board, that the policy covered the injury to the claimant, was reversed and the matter remitted to the State Industrial Board upon the ground that the record was in unsatisfactory and unintelligible condition. (255 App. Div. 892.) The State Board again determined in favor of the insured and this appeal was taken by the appellant insurance carrier. Under these circumstances there is no reason why all questions relative to the coverage of the policy cannot now be considered. There is no merit to the contention of the appellant that the previous decision of this court limits the present argument to the question of " estoppel."

The policy in question was one of general coverage and was issued August 14, 1935, to remain in effect until August, 1936. There was, however, a rider attached to the policy which provided that notice be given the carrier if the coverage was desired by the employer to be extended to jobs and locations different from those referred to in the policy. The accident resulting in liability to the insured occurred in July, 1936, upon a job not referred to in the original policy. No formal notice of additional coverage had been given to the carrier.

The premium paid when the policy was issued was in the sum of $500, which was in excess of the so-called " minimum premium " stated in the policy. It must necessarily, therefore, have been within the contemplation of the parties that the coverage was intended to go far beyond the jobs being handled by the insured when the contract was issued. The evidence clearly shows that a telephone call to the carrier had been accepted by it as notice of additional coverage under the terms of the rider in more than one instance. There is evidence that an attempt to telephone the carrier for additional coverage had been made by the insured the very day of the accident. Premiums were accepted by the carrier in the regular course of business without any question being raised as to the compliance by the insured with the provisions of the rider relative to additional coverage. All of these occurrences indicate clearly that the parties had never seriously regarded the formalities imposed by the provisions of the rider. Its true purpose was merely to afford protection to the carrier if the insured should engage in a job of unusual hazard that might afford liability beyond that of the ordinary risks covered by the policy.

There being no evidence that the job on which the accident occurred was more than ordinary or was of exceptional hazard, it must be held that the policy covered the liability of the insured. Liability such as incurred here by the insured was precisely what was intended to be covered by the policy. The failure to give notice in manner prescribed by the rider was a formality which had never been complied with, as already pointed out, and, accordingly, one that cannot now be invoked by the insurance carrier.

In *Barone* v. *Ætna Life Insurance Co.* (260 N. Y. 410) the facts were somewhat similar to those involved herein. In that case the Court of Appeals held that the requirements of formal notice were not necessary to extend coverage under the terms of a compensation insurance policy. An oral conversation between the wife of the insured and a clerk in the carrier's office, which obviously did not comply with the terms of the policy and was not legal notice to the carrier, was held therein to be sufficient to extend coverage to a new job undertaken by the insured. This same principle, applying the rules of liberal construction to coverage under policies of insurance, is also found in *Arnold* v. *Pacific Mutual Insurance Co.* (78 N. Y. 7).

The award of the State Industrial Board should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.