ALICE M. SKAKANDY, Individually and as Administratrix of the Estate of JOHN SKAKANDY, Deceased, et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Motion No. 1187.)

Court of Claims, October 9, 1946.

*Robert X. Kuzmier* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Gerald J. Carey of counsel), for defendant.*

LAMBIASE, J. This is an application by the above-named proposed claimants made under subdivision 5 of section 10 of the Court of Claims Act (L. 1939, ch. 860) for an order granting them permission to file a claim against the State of New York, a copy of their proposed claim being attached to and comprising part of the moving papers herein.

The following appears from the moving papers herein: That on the 4th day of December, 1940, one, John Skakandy, husband of the above-named Alice M. Skakandy and father of the infants, Loretta Skakandy and Robert Skakandy, was fatally injured while in the employ of another, and while engaged in the course of his employment, by reason of which fact the above-named proposed claimants became entitled to, made claim for, and received, as his dependents, an award · in compensation as provided for by the Workmen's Compensation Law of the State of New York. The State Insurance Fund which insured the employer of the decedent against claims arising under the Workmen's Compensation Law began making the required installment payments under said award, and presumably is still making them, and will continue to make them as required by said award.

No action for the collection of damages occasioned through the death of the decedent was ever commenced by, or on behalf of said dependents against any third party, or parties, based upon any allegations of negligence or fault of said third party or parties. However, more than a year after the death of the decedent, and later than six months after the said dependents had been awarded and had begun receiving compensation under the Workmen's Compensation Law, the State Insurance Fund, pursuant to the provisions of section 29 of said Law then and now in effect, commenced an action in its own behalf in the Supreme Court of this State against certain parties therein named and therein alleged to be responsible for decedent's death. The State Insurance Fund was successful in this action, and a verdict in the sum of $50,604 was recovered therein. This verdict, exclusive of court costs but inclusive of accrued interest thereon to the date of this application, amounted to $63,001.98. Subsequent to the rendition thereof and prior to the entry of judgment thereon, the State Insurance Fund, on its own initiative, compromised said verdict for the sum of $48,134, for which amount a judgment in its favor was thereafter and on or about the 19th day of December, 1944, entered. This amount was later

collected by the State Insurance Fund after which it brought on a proceeding before the Workmen's Compensation Board, Department of Labor, in which it offered to pay the claimants, on the basis of the amount thus collected by it, their respective share to which they are entitled under said section 29.

Claimants contend that they are entitled to their respective shares on the basis of the afore-mentioned sum of $63,001.98 They urge that once the verdict was rendered by the jury, they acquired a vested right and interest therein under section 29 of the Workmen's Compensation Law; that from that point on, the State Insurance Fund could not act independently of, and without their consent when dealing with reference to said verdict; that the State Insurance Fund should have obtained permission from the proper Surrogate's Court under the circumstances before accepting and compromising the verdict for a lesser amount; that by its conduct in accepting a lesser sum the State Insurance Fund has deprived the proposed claimants herein of a very substantial sum of money, an amount which, at the time of this application, they figured to be $10,088.01; that in fact, the State Insurance Fund in accepting the lesser amount acted without authority, improperly, and in violation of section 29 aforesaid; and that because of the foregoing, they have a cause of action against the State of New York for the money of which they have been deprived by the acts of the State Insurance Fund, for which acts they assert the State of New York is liable.

The State, on the other hand, in pressing for the denial of claimants' application maintains (a) that this court has no jurisdiction of the proposed claim, and (b) that the proposed claim does not set forth a cause of action.

As stated in the affidavit of claimants' counsel, the issue in this case is " whether the State Insurance Fund had any legal authority or right to settle the verdict rendered by the Jury for a lesser sum, to wit, the sum of $48,134. without an order from the Surrogate or the consent of the widow and her children ".

We feel that that question must be answered in the affirmative. We are, therefore, of the opinion that claimants' application must be denied on both the grounds advanced by the State. We now discuss these grounds.

As to the ground that this court is without jurisdiction to entertain this claim: This question involves the consideration of the fundamental purpose of said law and of various sections of the Workmen's Compensation Law which we deem pertinent to the issue herein.

In *Caulfield* v. *Elmhurst Contr. Co.* (268 App. Div. 661, 664, affd. 294 N. Y. 803) the court said (concerning the Workmen's

Compensation Law): '' That statute is designed to compel the employer to provide for his employee ' the statutory compensation for accidental injury arising out of and in the course of his employment regardless of whether or not the injury was due to the employer's wrong or negligence.' (*Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410, 415.) The statute ' regulates the relation, not between a workman and the world at large, but between workman and employer.' (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 373.) As between them the remedies therein provided are exclusive. (Workmen's Compensation Law, § 11.) As to a third party, however, the common-law remedy for his negligence or wrong remains unimpaired and unaffected. His liability is extrinsic to the statute. (*Hession* v. *Sari Corporation*, 283 N. Y. 262, 266.) The statute leaves untouched ' the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance.' (*Matter of Zirpola* v. *Casselman, Inc., supra,* p. 373.) The third party ' has nothing whatever to do with this law, except to pay the damages for which he is liable.' (*O'Brien* v. *Lodi*, 246 N. Y. 46, 50.) To enforce the payment of such damages the injured party or his dependents may pursue their common-law remedy against him. If they fail to do so within the required time, the one liable for the compensation as assignee or subrogee under the statute may do so. But the foundation of the action is the right of the injured employee, or, in case of death, his dependents. It is their rights which are being enforced and the sole test of the third party's liability is the latter's liability to the injured employee or his dependents.''

Subdivision 6 (so numbered by chapter 684 of the Laws of 1937) of section 29 of the Workmen's Compensation Law, at all times herein mentioned in pertinent part read and now reads: '' The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.''

All questions of fact in compensation proceedings are determined by the State Industrial Board (now Workmen's Compensation Board) or referee. (*Matter of Archer* v. *Cole*, 244 App. Div. 848.) Under sections 20 and 23 of the Workmen's Compensation Law the board has jurisdiction to pass upon the rights between the employer and the State. (*Matter of Brophy* v. *Prudential Ins. Co.*, 241 App. Div. 306, affd. 271 N. Y. 644.)

As between workman and employer the remedies provided by the Workmen's Compensation Law are exclusive. (*Matter of Zirpola v. Casselman, Inc.,* 237 N. Y. 367, 373; *Caulfield v. Elmhurst Contr. Co., supra; Shanahan v. Monarch Engineering Co.,* 219 N. Y. 469; *Noreen v. Vogel & Bros., Inc.,* 231 N. Y. 317.)

Under section 20 of the Workmen's Compensation Law the Workmen's Compensation Board has jurisdiction to determine equitable defenses. (*Matter of Bach v. Hampden Sales Association, Inc.,* 266 App. Div. 645, motion for reargument denied 267 App. Div. 840, affd. 293 N. Y. 847.)

It has been held that the Industrial Board in a compensation proceeding had power to consider defense of mistake in date of policy of compensation insurance subject to judicial review. (Workmen's Compensation Law, §§ 20, 23, 54, subds. 1, 2; *Royal Indemnity Co. v. Heller,* 256 N. Y. 322). For other cases on the powers and jurisdiction of the board see: *Matter of Di Donato v. Rosenberg,* 256 N. Y. 412, *Barone v. Aetna Life Ins. Co.,* 260 N. Y. 410, *Matter of McMahon v. Gretzula,* 267 N. Y. 573, and *Matter of Comr. of Tax. & Fin. v. Gleasner Compressed Air S. & E. Co.,* 269 N. Y. 590.

In the *Royal Indemnity Co. v. Heller* case (*supra*) the company had issued to one, Abraham Heller, an employer, a policy of insurance under the Workmen's Compensation Law. The policy bore the date of March 9, 1928, but on its face it purported to be in force from February 9, 1928. One of the Heller employees was hurt on March 7, 1928. The employee filed a claim for compensation with the State Industrial Board. The insurer took the ground that the reference to February 9, 1928, in the body of the policy was due to a mistake of the typist in preparing the policy, and that no policy was in force at the date of the accident nor prior to March 9, 1928. It fully presented evidence thereof as a defense before the board which heard the proof on the question, but which finally held that " the policy itself is the only evidence the Board can consider in determining the obligations of the parties thereto ", and made an award accordingly in favor of the claimant. After the award the insurer brought an action in Supreme Court for reformation of the policy " to cover said scrivener's mistake." The defendants — employer, employee, and State Industrial Board — set up the adjudication of the Industrial Board as a defense, and denied that the Supreme Court had jurisdiction to grant the relief prayed for. When the case came on for trial, no evidence was presented to the court. The Trial Justice refused to hear the evidence of mistake, holding " that the

Supreme Court has no jurisdiction to determine the question as to the validity of the policy sought to be reformed herein ", and " that the issues raised by the pleadings are res adjudicata."

The court in that case said at pages 325, 326 and 327: " May the Industrial Board, having before it a policy upon its face covering the date of an accident, consider the defense of mistake and enforce the true agreement of the parties, when the issue is tendered by the insurer, or is it bound by the terms of the policy as written? The Industrial Board exists by virtue of article I, section 19, of the New York State Constitution, which gives the Legislature power, unlimited by other constitutional provisions, to enact laws for the payment of compensation for injuries to employees. The power thus conferred has been exercised by the adoption of the Workmen's Compensation Law. (L. 1922, ch. 615, as amended). * * * The jurisdiction to hear and determine equitable defenses is incidental to the general jurisdiction of the Board to enforce policies under the Workmen's Compensation Law. * * * The defense was tendered by the insurance carrier and the evidence was heard. As a practical proposition, the carrier should be bound by the determination of the Industrial Board, subject to judicial review, as provided in sections 20, 23 of the law. The award will be examined on the appeal in the Appellate Division. The decision of the Board is based on an erroneous theory, so far as it denies itself jurisdiction and holds itself bound by the letter of the policy, but the evidence will be before the court for review to determine whether the plaintiff herein has made out a case of non-liability under the policy. (Matter of Jaabeck v. Crane's Sons Co., 238 N. Y. 314, 317, 318.) * * * If the term of the coverage was mutually agreed on and there was a scrivener's mistake as to the term of the policy, due to mutual inadvertence, such as the failure to read the policy and note the error after the minds of the parties had met, the equitable defense may be interposed by the insurance company. If no term was mutually agreed on and the insurance company made a unilateral mistake, it should have cancelled its policy, as provided in section 54, when it discovered that fact. * * * These are questions within the wide scope of the powers intrusted to the Industrial Board for its determination.

" Such matters should be disposed of summarily before one tribunal so that prompt adjustment of liability for industrial accidents may be obtained without unnecessary litigation and expense."

Again in *Barone* v. *Aetna Life Ins. Co.* (260 N. Y. 410, 414, *supra*) which was a case involving the reformation of an insurance policy, the court said: " We held in the *Heller* case that these matters may be disposed of summarily before the Industrial Board as being within the wide scope of the powers intrusted to it. The Board may make a decision thereon which is final and conclusive, except for judicial review * * *."

And in *Matter of Skoczlois* v. *Vinocour* (221 N. Y. 276) it was determined that under the Workmen's Compensation Law the State Industrial Commission has power to determine whether a policy of insurance covering the liability of an employer had been cancelled prior to the time an accident occurred, or whether it was in force, and if so, the liability of the insurer. With reference to this point the court said at page 282: " It is also suggested that the commission did not have the power to determine whether the policy had been cancelled. I think it had jurisdiction of the subject-matter and the power to make such determination. The act seems, inferentially at least, to confer such power. Under section 20 the commission is given full power and authority to determine all questions in relation to the payment of claims, and under section 23 an award made by it is final and conclusive upon all questions within its jurisdiction as against the state fund or between the parties."

It appears that in order to determine the amount of the excess recovery herein, the Industrial Board (now Workmen's Compensation Board) must determine first, the amount of the compensation due and payable under the Workmen's Compensation Law, and secondly, the extent of the recovery from the third party so that the compensation may be deducted therefrom. In our opinion the issue raised by claimants with reference to the compromise of the verdict may be disposed of before the Workmen's Compensation Board.

The provisions of the Workmen's Compensation Law of the State of New York now appear to be complete and at all times herein appeared to have been complete in providing for the instituting and prosecuting of claims thereunder. Provision is made therein for the making of special rules and regulations with reference to the reception and admissibility of evidence. (Workmen's Compensation Law, § 118.) Provision is also made therein (§ 23) for appeals from awards on decisions of the board.

It would seem, therefore, that the Legislature, in the wise use of its discretion, has provided in the Workmen's Compensation Law for the disposition summarily before one tribunal of all

matters of liability in industrial accidents to the end that prompt adjustment of all such matters may be obtained without unnecessary expense and litigation.

We hold, therefore, that the issue raised by claimants is to be disposed of before the Workmen's Compensation Board as being within the wide scope of the powers entrusted to it. We are satisfied that claimants' remedy is exclusively provided for under the provisions of the Workmen's Compensation Law. In this manner, the Workmen's Compensation Board may make a decision thereon which is final and conclusive, except for judicial review. This conclusion must follow if we are to give effect to the provisions of the Workmen's Compensation Law. Unless this be the correct view of the statute, the scheme contemplated by it fails, to a large extent at least, of its purpose.

This court is one of limited jurisdiction and cannot assume to hear, determine, or make awards in any case where jurisdiction to do so has not been assigned to it by the Legislature. (*Rogers Peet Co.* v. *State of New York*, 186 Misc. 354.)

Upon the ground, therefore, that this court has no jurisdiction of the proposed claim, we are of the opinion that the application herein of the proposed claimants must be denied.

We now consider the second ground urged by the State for denial of the application herein, to wit: That claimants' proposed claim does not set out a cause of action. We must examine section 29 of the Workmen's Compensation Law for an answer to this question.

Prior to its amendment in 1937, section 29 of the Workmen's Compensation Law required election by the employee or his dependents whether to take statutory compensation secured by his employer, or to pursue the common-law remedy against a tort-feasor not in the same employ. If the election was to take compensation, the award operated as an assignment of the cause of action against the third party either to the State (for the benefit of the State Insurance Fund), or to the carrier or person liable for the payment of such compensation, as a subrogee liable to pay to the injured employee two thirds of that part of any recovery in excess of the total amount of compensation awarded, plus expenses of medical care and the reasonable and necessary expenditures in effecting such recovery. If the election was to pursue the remedy against a third party tort-feasor, the State Insurance Fund or other person liable to pay the compensation was required to contribute only the deficiency, if any, between the amount recovered from the third party and the compensation provided by the Workmen's Compensation Law (L. 1935, ch. 328).

This statutory provision for the election of remedies and the assignment by operation of the statute of the common-law cause of action was quite radically changed by amendment of 1937 (L. 1937, ch. 684), and was divided into six numbered subdivisions. Subdivisions 1–5 inclusive thereof, so far as material, in substance and import, at all times herein mentioned provided that if during the course of his employment an employee be injured or killed by the negligence or wrong of another not in the same employ (that is, a third party), such injured employee, or, in case of death, his dependents, need not elect whether to take compensation under the statute or to pursue his or their remedy against a third party, but may do both. If, however, compensation be taken and no action against a third party be commenced within six months after the award, or, in any event, within one year from the date of the accident, the failure to commence such action operates as an assignment of the cause of action to the one liable for the payment of such compensation, whether he be the employer or the latter's insurance carrier, and either, as the case may be, becomes subrogated to the rights of the injured employee or his dependents. No matter who prosecutes the third party action, these subdivisions contain appropriate provisions for the apportionment of the proceeds thereof. They also provide that if the injured employee or, in case of death, his dependents, pursue his or their remedy against a third party tort-feasor within the period hereinabove set forth, the one liable for compensation shall have a lien on the proceeds of any recovery in such action whether by judgment, settlement or otherwise after the deduction of the reasonable and necessary expenditures, including attorney's fees incurred in effecting such recovery, to the extent of the total amount of the compensation awarded under, provided, or estimated by the Workmen's Compensation Law for such case and the expenses for medical treatment paid for the employee by the one thus liable.

The purpose of the first five subdivisions is clear: (a) To give to the injured employee, or, in case of death, his dependents, either the compensation provided by the statute or the recovery in the third party action, whichever is larger; (b) to require the injured employee, or, in case of death, his dependents, to commence the third party action within the specified time; (c) if he or they fail to do so, to permit the one liable for the compensation to enforce the third party's liability, and (d) regardless of who commences the action, to insure an equitable division of the proceeds of any recovery, whether by judgment, settle-

ment, or otherwise, between the injured employee, or in the case of death, his dependents, and the one liable for his compensation. (*Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661, affd. 294 N. Y. 803, *supra; Grossman* v. *Consolidated Edison Co.*, 294 N. Y. 39; *Taylor* v. *New York Central R. R. Co.*, 294 N. Y. 397, 402.)

It is conceded in claimants' moving papers that by virtue of the foregoing provisions of section 29 aforesaid, the State Insurance Fund, in this case, became the assignee of the cause or right of action against possible third party tort-feasors, which cause or right of action was a property right of the proposed claimants herein (they being all of the dependents; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145), and the sole beneficiaries of its enforcement and was maintainable on their behalf by an executor or administrator of the deceased.

There is no dispute as to the facts in this case. There is, however, a wide difference between the parties hereto as to the inferences and conclusions to be drawn therefrom. Let us see what we may infer and conclude from these facts and determine in the light of established law in cases of this kind, to be the legal effects of the statutory assignment which we have been discussing.

The assignment resulting by operation of section 29 aforesaid on an election by an employee or his dependents to proceed against an employer instead of the third person is an absolute one. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273; *Taylor* v. *New York Central R. R. Co., supra; Grossman* v. *Consolidated Edison Co., supra; Alexander* v. *Creel*, 54 F. Supp. 652, 656; *Lumber Mut. Cas. Ins. Co.* v. *Spencer & Son Corp.*, 181 Misc. 416; *Moore* v. *Hechinger*, 39 F. Supp. 427, affd. 127 F. 2d 746; *Corsi* v. *Jenkins*, N. Y. L. J., Jan. 30, 1945, p. 388, col. 2.)

In *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 405, motion for reargument denied 225 N. Y. 638) the court said: " In case the dependents elect to assign the cause of action the assignment creates its ordinary and established effects. It transfers to and vests in the assignee the cause of action. If the assignment is to the state the cause of action is thereby made the property of the state; if to another the cause of action becomes by virtue of the assignment the property of that other. * * * A cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it." (See, also, *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 372, *supra.*)

In *O'Brien* v. *Lodi* (246 N. Y. 46, 50) the court said: " Should the employee take compensation under the Workmen's Compensation Law, his cause of action against the third party upon the award of compensation operates as an assignment of it to the state or to the insurance carrier."

It has been held that the exclusive and simplified procedure set up in and the provisions of this section apply even though rights of infants are involved. Thus in *Hanke* v. *New York Consolidated R. R. Co.* (181 App. Div. 53, 59) the court said: " We see no reason why a widow with a dependent child should not, for herself and her child, make an election under section 29 of the act; and we consider that the provision added to that section by chapter 622 of the Laws of 1916, which we have hereinbefore quoted, has no greater effect than to make plain a provision which before the amendment was not clear, and that it was not designed to give a power which theretofore did not exist."

And continuing at pages 59, 60 and 61 the court said: " The *McEntee* case presents no obstacle to the passing of a law whereby the widow, for herself and her infant children, next of kin of the deceased, for whose benefit the cause of action was given by the Code of Civil Procedure, might in certain cases and for certain purposes assign the cause of action. That is exactly what the Legislature has done in the Workmen's Compensation Law. The Legislature had the task of providing certain and speedy compensation for the dependents of those killed in hazardous employments which it designated and grouped. In formulating the policy many rules of common-law liability had to be abolished and an insurance feature had to be established. * * * The conservation of the home of the workman with a wife and minor children was a dominant circumstance. The incapacity of minors to contract and to waive without special legislative authority, even if mentally capable of contracting and waiving, had to be borne in mind. Tedious and expensive litigation was to be avoided and unnecessary forms were to be dispensed with. To the success of the plan an exclusive remedy was necessary. The Legislature did not attempt to abrogate the right of action to recover damages for injuries resulting in death when those injuries were caused by the negligence or wrong of another not employed by the same employer. It required the dependents, if they would have the full benefit under the act, to make an election. * * * We must presume that the Legislature, when it passed this law, knew that the only right of action was that given by the Code of Civil Procedure (§§ 1902–1905) and preserved by the Constitution (Art. 1, § 18),

and that it had no power to affect that right of action except in so far as it was authorized so to do by section 19 of article 1 of the Constitution. * * * In conferring upon such dependents the benefits of the statute, the Legislature may not have been precise, and may not always have regarded with nicety words used in the Code of Civil Procedure in establishing the right of action; but it is quite plain that it regarded the substance rather than the form, and that it had in mind the beneficiaries rather than the legal representatives as that term is ordinarily understood. It did not remit the dependents of an employee, unless they or the parent or other person authorized to speak for them, wished, to the hazards of a litigation which might be protracted and fruitless. It was enacting a workable statute to promote an important reform in jurisprudence. To make the procedure simple and inexpensive, the creator of statutory guardians dispensed with them. In the same effort to effect inexpensiveness and simplicity, it eliminated legal representatives and created another statutory agent to act in behalf of infant beneficiaries."

And in *Matter of Woodcock* v. *Walker* (170 App. Div. 4) the court held that under section 16 of the Workmen's Compensation Law, the surviving wife and principal dependent was entitled not only to 30% of the average wages of the deceased during her widowhood, but also to the additional amount of 10% of such wages for each minor child until the age of eighteen years.

Claimants contend in substance that when the jury rendered its verdict herein, the rights of the proposed claimants under subdivision 2 of section 29 of the Workmen's Compensation Law to any excess created thereby became vested in them at that moment, and that said rights could not be thereafter disturbed or affected in any way and to any degree by any arbitrary unilateral act of the State Fund such as the settling and compromising of said verdict by it for a lesser sum.

We are inescapably drawn to the conclusion that the position of the proposed claimants herein is untenable.

The purpose of the Workmen's Compensation Law is "to secure to dependents the speedy, certain and adequate provision for their support." (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273, 276, *supra.*) It "aims to give every workman in certain specified trades compensation for injury received while in the course of employment." (*O'Brien* v. *Lodi,* 246 N. Y. 46, 49, *supra.*) It was passed pursuant to a widespread belief in its value as a means of protecting working men and their dependents from want in case of injury when engaged in certain specified hazardous employment. (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544.)

Under no circumstances or conditions is the workman bound to make an election or to make any claim for compensation. He may by inaction, forego his rights to compensation under the law, or his cause of action against the third party. In all cases he is the mover who sets the claim or the action in motion and course of settlement. He can do as he pleases about his own injury. The same applies with full force and effect to the dependents of a deceased employee. (*O'Brien* v. *Lodi*, 246 N. Y. 46, 49-50, *supra*.)

The rights of the servant under the Workmen's Compensation Law, and of the servant as an individual under the common law or the statutes, are alike remedies which are open to him. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 526.) The act is cumulative and does not impair the latter remedy. The act affects such remedy to the extent therein provided only when the individual as a servant elects to receive compensation under the act. The reason for the statutory declaration as to election under the statute is founded upon the common-law rule that there should not be a double satisfaction for the same injury. (*Miller* v. *New York Railways Co.*, 171 App. Div. 316, 318-319; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58, 62-63; *Gambling* v. *Haight*, 59 N. Y. 354.)

The statutory assignment of the cause of action under section 29 aforesaid is absolute, and when it occurs, the lien of the employer or insurer created under subdivision 1 thereof and to the extent therein provided merges in the title passing to the assignee or the subrogee and no corresponding lien, right or control of the cause of action is granted back to the employee. (*Alexander* v. *Creel*, 54 F. Supp. 652, 656.) The Legislature intended that the full and complete cause of action should pass under the assignment. All that remains upon such occurrence to the injured employee or to his dependents in the case of his death, as the case may be, is the right to the equitable statutory distribution of any recovery from the negligent third party.

In *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 405-406, *supra*) the court said: "Cause of action is the right to prosecute an action with effect. (*Douglas* v. *Forrest*, 4 Bing. 686.) * * * It is, however, an elementary and fundamental rule of law and of property that the owner of a cause of action has the right, which is a part of it, in the absence of a valid restriction, to prosecute it in the ordinary and legal method and manner in the courts. There is not related nor applicable to the cause of action of plaintiff any restriction or provision forbidding or disabling him from prosecuting it. It needed no

express empowerment \* \* \*. The power was in and a part of the assigned cause of action, and became the plaintiff's."

Proposed claimants herein, by taking compensation, thus set in motion the machinery under the statute which resulted in title to their cause of action being automatically assigned by operation of law to the State Fund as in said statute provided. That assignment being absolute, the entire interest in the right to recover, subject to the provisions of the statute providing for the equitable distribution of the proceeds of any recovery from the negligent third party, vested herein in the State Fund. That assignment carries with it the right to compromise or settle the cause of action or to institute proceedings upon it. The right to compromise or to settle or to prosecute the cause of action under the assignment in the ordinary, legal method and manner in court is an attribute of ownership of the claim. It exists independently of, and is not impaired by, the provisions of section 29 aforesaid providing for and controlling the equitable distribution of the avails of any recovery.

Section 29 aforesaid does not compel the assignee or subrogee to take any action under said assignment. In that respect the provisions of subdivision 2 of section 29 are permissive only. (*Doleman* v. *Levine*, 295 U. S. 221, where a similar but not identical compensation act was construed.)

The statute, subdivision 2 of section 29 of the Workmen's Compensation Law, now provides and at all times herein mentioned provided that "If \* \* \* such an assignee, recover \* \* \*, either by judgment, settlement or otherwise, a sum \* \* \*." This language, it seems to us, is broad enough to give to an assignee under the statute complete control over the cause of action assigned, and the right to dispose of the same at any stage thereof by any of the means known to the law, and for a sum or amount agreeable to the assignee, in the absence of fraud. The word " otherwise " in the phrase " either by judgment, settlement or otherwise " seems significant to us as an expression of the legislative intent to leave the assignee entirely unhampered and unobstructed in the method or means to be employed to effect the purposes of the section. The plan of the statute would be destroyed if the assignee were denied this power under its right of statutory subrogation. We must give this section a construction that will effectuate the legislative intent. No artificial rule or canon of construction requires the court to disregard this intent which we believe is indicated. Under the circumstances herein, we feel that the courts have no power to interfere in the absence of fraud, which issue is not before us.

In our opinion, therefore, it does not appear that the proposed claimants have or that the attached claim states a cause of action. A motion brought on pursuant to subdivision 5 of section 10 of the Court of Claims Act for leave to file a claim cannot be granted unless the claim states a cause of action against the State. (*Apropo* v. *State of New York,* 161 Misc. 142, affd. 252 App. Div. 803; *Siegel* v. *State of New York,* 175 Misc. 515, affd. 262 App. Div. 388; *Chergotis* v. *State of New York,* 172 Misc. 272, affd. 259 App. Div. 369; *Zurich G. A. & L. Ins. Co.* v. *State of New York,* 179 Misc. 162.)

We conclude, therefore, that claimants' proposed claim must be denied also on the ground that claimants' proposed claim does not state a cause of action.

Claimants' motion herein must be and the same hereby is in all respects denied.

Enter order accordingly.