Per Curiam.

The carrier appeals from an aAvard of death benefits made payable to the claimant, AvidoAv of Winston C. Campbell, Avho died on April 19,-1933, while in the course of his employment in the State of NeAV York by Landon, the employer-respondent. The latter had previously lived and conducted his business of trucking betAveen Scranton, Pa. and Elmira, N. Y. from headquarters at Troy, Pa. and the carrier’s.policy was written accordingly. On April 8, 1932, the employer moved his residence and business headquarters to Elmira, N. Y. and on May 2, 1932, an indorsement was placed upon the policy as follows:
“It is hereby understood and agreed that the Post Office Address of this assured, as indicated in Item #1 of the Declarations of the policy to which this endorsement is attached, is amended to read, ‘ 901 Laurel Street, Elmira, JST. Y.’ instead of as originally Avritten. ”
This endorsement was made following a conversation between the employer and one French the general agent of the carrier wherein the employer aatus told that the policy would be changed to cover employment in New York and Pennsylvania in conneo *414 tion with the transportation of groceries between Scranton, Pa. and Elmira, N. Y. The decision of the Workmen’s Compensation Board contains the following:
“ The only evidence in regard to what coverage was requested is that of the employer. The testimony is that he requested coverage for an interstate trucking business between Scranton, Pa., and Elmira, N. Y., and the environs; that Mr. French had told" him such a policy would be issued and that the insurance company audited his complete pay roll and based a premium on such pay roll. There is an endorsement on the policy, dated May 18, 1932, showing the change of address of the employer from Troy, Pa., to Elmira, N. Y. The agent, Mr. French, living in the same town of Troy, Pa., knew claimant moved his headquarters to Elmira, N". Y., and the insurance carrier knew of the change through their agent, through their audit and as illustrated by the issuance of the indorsement showing the change of address. The carrier is estopped to deny coverage in this case. I direct that the contract be reformed and that a new policy be issued by the carrier to cover the agreement between the parties that Workmen’s Compensation Insurance cover operations in the State of New York and the State of Pennsylvania.”
The decision in the findings of fact recites the recovery of a judgment in a third party action by the representatives of the deceased employee and the suspension of payment of compensation benefits to the widow until December 29, 1943, and the carrier is directed to make payment from that date to December 10,1945, at the rate of $5.25 per week and to “ deposit $4,467.43 as of December 10, 1945, under Section 27 of the Workmen’s Compensation Law for payment. into the Aggregate Trust Fund.”
The evidence sustains the finding of the board as earlier recited. The change of address of the employer was meaningless unless accompanied by New York coverage. The board had jurisdiction to reform the policy of insurance to comply with the ágreement between the employer and the general agent. (Royal Indemnity Co. v. Heller, 256 N. Y. 322; Barone v. Ætna Life Ins. Co., 260 N. Y. 410; Matter of McMahon v. Gretsula, 267 N. Y. 573.) The decision and award should be affirmed.
Hill, P. J., Hefferetan, Brewster, Foster and Bussell, JJ., concur.
Award and decision affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 979.j