Sidney Squire, J.
Although the motion papers contain only one caption, this motion is really made in two cases. We shall adopt counsels’ nomenclature of the “ Shapiro claim” (No. 38637) referring to the alleged acts of Mr. Justice J. Irwin Shapiro, and the “ Simon claim” (No. 38636) relating to the averred acts of Secretary of State Caroline K. Simon.
The claimant (or petitioner) moves for permission to (a) file its Shapiro claim pursuant to subdivision 5 of section 10 of the Court of Claims Act; and (b) “for an order staying proceedings of both the £ Simon claim ’ and the £ Shapiro claim ’ until the Court of Appeals and United States Supreme Court, if an appeal thereto is taken, finally dispose of APFC v. Simon & Shapiro ”.
The portion of the motion for authority to file the Shapiro claim is denied. No reasonable excuse has been presented by the movant as a matter of law to warrant the granting of the requested relief for “ late filing ”. Nor can judicial discretion be extended under the pleaded circumstances. The alleged ultimate facts averred (which are assumed for the purposes of this motion) do not state a cause of action against the State of New York. (Cheatum v. Wehle, 5 N Y 2d 585, 592.) A proposed claim must state a cause of action (Skakandy v. State of New York, 188 Misc. 214, affd. 274 App. Div. 153, affd. 298 N. Y. 886).
We cannot utilize Chalmers & Son v. State of New York (271 App. Div. 699, affd. 297 N. Y. 690) because with respect to the pleaded acts of Mr. Justice Shapiro the “ Amended and Supplemental Notice of Intention to File Claim ” does not state a cause of action against the State of New York and was not timely filed.
The petitioner (or claimant) misconceives the Statute of Limitations applicable to its alleged Shapiro claim. It is not six months, as asserted. The alleged acts are tortious. Consequently, ‘1 a written notice of intention to file a claim ’ ’ should have been filed “within ninety days after the accrual of such claim * # # in which event the claim shall be filed within two years after the accrual of such claim” (Court of Claims Act, § 10, subd. 3). No such notice of intention was filed within three months.
Although we are not primarily concerned with the time element (which can be excused judicially when other elements are overriding), it is mentioned to clear the atmosphere herein.
It should be further noted that a proposed pleading* must be verified. The respective attempted verifications in the “Amended and Supplemental Notice of Intention to File *931 Claim ” and the subsequent paper headed “ Preliminary Statement ”, which paper may be regarded as the “Claim” or “ Proposed Claim ”, are not properly verified (Rules Civ. Prac., rules 99, 100) and there is no proof of authenticity of the several notaries public before whom each of said putative verifications was sworn in the County of Cook, State of Illinois.
As to the requested stay, the Attorney-General’s office has no objection thereto because there is presently pending sub judice in the Court of Appeals a joint appeal from various orders in the several proceedings initiated in the Supreme Court of the State of New York. (Matter of Association for Preservation of Freedom of Choice, 17 Misc 2d 1012, 18 Misc 2d 534, 10 A D 2d 604, 10 A D 2d 711, 22 Misc 2d 1016, 10 A D 2d 873, 8 N Y 2d 909, 11 A D 2d 713, 11 A D 2d 927.)
In accordance with the agreement of counsel, a stay is granted as to the ‘ ‘ Simon claim ’ ’. There is no need for a stay with respect to the “Shapiro claim” because of the disposition herein. Short-form order signed.